IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LORI D. WALKER, | : | Case No. 3:11-cv-142 |
| Plaintiff, | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Michael J. Newman |
| vs. | : | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

---

This is a Social Security appeal brought pursuant to 42 U.S.C. § 405(g). At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff Lorie Walker ("Plaintiff") "not disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). *See* doc. 7-2 at PageID 52.[2]

This case is before the Court upon Plaintiff's Statement of Errors (doc. 10), the Commissioner's Memorandum in Opposition (doc. 12), the administrative record (doc. 7), and the record as a whole.

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereinafter, citations to the administrative record will only reference the PageID.

## I. BACKGROUND

### A. Procedural History

Plaintiff filed her DIB application on May 18, 2005 asserting she has been under a "disability" since November 2, 2004. PageID 103. Plaintiff claims she is disabled due to "reflex sympathetic dystrophy," also known as "complex regional pain syndrome," arthritis in her left wrist, major depressive disorder and anxiety disorder. PageID 48, 122.[3]

Following the initial administrative denials of her application, Plaintiff received a hearing before ALJ David A. Redmond. PageID 33-76. At the hearing, the ALJ heard testimony from Plaintiff and Dr. Vanessa Harris, a vocational expert ("VE"). *Id.* On October 20, 2008, the ALJ issued a written decision, concluding that Plaintiff was not under a disability at any time from November 2, 2004, her alleged disability onset date, through the date of the ALJ's decision, and therefore, was ineligible to receive DIB. PageID 44-52.

Specifically, the ALJ's "Findings," which represent the rationale of his decision, were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.

2. The claimant has not engaged in substantial gainful activity since November 2, 2004, the alleged onset date (20 CFR 404.1520(b) and 404.1571 *et. seq.*).

3. The claimant has the following severe impairments: complex, regional pain syndrome associated with the left arm; major depressive disorder; and anxiety disorder (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

---

[3]Plaintiff added claims of depression and anxiety subsequent to the initial filing for DIB. The ALJ considered both ailments in his analysis, and the Court has likewise considered them here.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC] to perform light work as defined in 20 CFR 404.1567(b). Giving the claimant the full the full benefit of doubt with regard to her allegations and subjective complaints, it is found that she is limited to jobs that would require use of her non-dominant left hand for gross assist only.[4]

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on November 10, 1969, and was 34 years old, which defined her as a younger individual, age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferrable job skills (See SSR 82-41and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, and work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566).

11. The claimant has not been under a disability, as defined in the Social Security Act, from November 2, 2004, through the date of this decision (20 CFR 404.1520(g)).

PageID 47-52 (brackets added).

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 33-36. Plaintiff then timely filed this appeal, arguing the ALJ erred by: (1) failing to adequately address

---

[4]The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 404.1567(d).

3

her mental impairments in determining her RFC; (2) failing to adequately address her allegations of disabling pain; (3) failing to have a medical expert ("M.E.") testify at the administrative hearing; and (4) eliciting testimony from the V.E. based upon an incomplete hypothetical. *See* doc. 10.

### B. Plaintiff's Vocational Profile and Testimony

Plaintiff was 34 years old at the time of her alleged disability onset date, and thus considered a "younger individual." See 20 C.F.R. § 404.1563. Plaintiff has a high school education and has completed some college. PageID 129. She has past relevant work as a medical technician, histology supervisor, and pathology supervisor. PageID 132.

At the administrative hearing, Plaintiff testified that she suffers from headaches and pain in her left arm and wrist. PageID 60. Plaintiff indicated that the wrist pain is due to the surgical removal of a bone. PageID 61. The pain increases in her arm and wrist when the arm is used, and she is unable to do any lifting. PageID 60. Plaintiff stated that she has been unable to work due to the pain. *Id*. Plaintiff also stated that she has carpal tunnel syndrome in her right wrist or hand, and she is right handed. PageID 67. However, no physician has ever diagnosed her with carpal tunnel. *Id.*

Plaintiff testified that due to her pain medication, she experiences dizziness and lightheadedness. PageID 60. Plaintiff testified that she is sometimes irritable, but denied having mood swings or crying spells. PageID 67–68. When asked if she had any problems with depression, Plaintiff stated "I'm a little depressed, but who isn't?" *Id*. Plaintiff further advised that she is not presently being treated for depression. *Id*.

## II. APPLICABLE LAW

### A. Substantial Evidence Standard

The Court's inquiry on appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. §§ 405(g), 1383(c)(3); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 361 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Thus, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or

her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

- a. Has the claimant engaged in substantial gainful activity?

- b. Does the claimant suffer from one or more severe impairments?

- c. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the Listings), 20 C.F.R. Subpart P, Appendix 1?

- d. Considering the claimant's residual functional capacity ("RFC"), can he or she perform his or her past relevant work?

- e. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4); *Miller v. Comm'r of Soc. Sec.,* 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is "disabled" under the Social Security Act's definition. *Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997).

### III. OPINION AND ANALYSIS

As a preliminary note, the pertinent medical findings and opinions have been adequately summarized in the parties' briefs, *see* doc. 10 at PageID 426–37; doc. 12 at PageID 441–51, and the Court will not fully repeat them here. Where applicable, the Court will identify the medical evidence relevant to its decision.

### A. The ALJ Did Not Err in Formulating Plaintiff's RFC or the Hypothetical Posed to the Vocational Expert

As her first assignment of error, Plaintiff alleges that her mental impairments were not adequately addressed by the ALJ in the formulation of her RFC. *See* doc. 10. Plaintiff's argument stems from the ALJ's finding, at Step Two, that Plaintiff's "severe impairments" include major depressive disorder and anxiety disorder. PageID 47. The ALJ found that Plaintiff was capable of light, unskilled[5] work, and provided no additional restrictions beyond physical limitations. However, given her impairments, Plaintiff insists that the ALJ erred by not including restrictions to accommodate her mental impairments -- such as restricting her to simple tasks, requiring no production quotas, and/or limiting her to minimal contact with others. *See* doc. 10. Plaintiff's fourth assignment of error, which directly relates to her first assignment of error, alleges that the ALJ's failure to include the aforementioned restrictions in her RFC caused the ALJ to pose an inaccurate hypothetical to the V.E. *Id*. Both assignments of error are without merit.

"The Social Security Act instructs that the ALJ -- not a physician -- ultimately determines the claimant's RFC." *Coldiron v. Comm'r of Soc. Sec.,* 391 F.App'x 435, 439 (6th Cir. 2010) (citing 42 U.S.C. § 423(d)(5)(B)). It is important to note that a finding of a "severe" impairment at Step Two does not carry the same meaning as it otherwise would in ordinary parlance. *See Griffeth v. Comm'r of Soc. Sec.*, 217 F.App'x 425, 428 (6th Cir. 2007). As defined by Social Security regulations, a "severe" impairment is "any impairment or combination of impairments which significantly limits [a claimant's] physical or mental ability to do basic work activities."

---

[5]The Social Security Administration regulations define unskilled work as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time" and gives the examples of "handling, feeding and offbearing" -- in other words, simple, repetitive tasks. *See Allison v. Apfel*, No. 99-4090, 2000 U.S. App. LEXIS 22689, *14 (6th Cir. Aug. 30, 2000) (citing 20 C.F.R. § 404.1568(a)).

20 C.F.R. § 404.1520(c). Courts, however, liberally construe the phrase "significantly limits" in favor of claimants. *Griffeth*, 217 F.App'x at 428. If the Commissioner rates the degree of limitation as none or mild, then the Commissioner will generally conclude that the impairment is not severe, "unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities." 20 C.F.R. § 404.1520a(d). Therefore, Step Two of the sequential analysis is the means by which the Commissioner screens out totally groundless claims. *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 89 (6th Cir. 1985). To that end, the Sixth Circuit has deemed Step Two to be nothing more than a "*de minimis* hurdle.*" Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988) (citations omitted).

Also noteworthy is that "[a] claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other." *Griffeth*, 217 F.App'x at 429. Accordingly, an ALJ may determine that an impairment is "severe" at Step Two, but need not reference the impairment in a hypothetical question to the V.E. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). Rather, a hypothetical question need only reference a claimant's limitations -- not provide a listing of all the claimant's medical impairments. *Id*.

Here, even though the ALJ found Plaintiff's depressive and anxiety disorders to be "severe" impairments at Step Two, he nevertheless found them to warrant no specific limitations when formulating Plaintiff's RFC. Specifically, the ALJ reasonably determined that Plaintiff's "mental impairments result in no restrictions of activities of daily living; mild difficulties in maintaining social functioning; [and] mild difficulties in maintaining concentration, persistence, or pace[.]" PageID 49.

In support of her claim that the RFC should have included specific limitations, Plaintiff cites to several instances in the record, such as the report of Bruce Goldsmith, Ph.D., which states:

> Her ability to handle stress is somewhat reduced given her psychological symptoms, which may be exacerbated by her physical symptoms as well. However, she should be able to adapt to the stressors in a low demand work environment without strict production quotas. She would likely do better in a non-public work environment given that she reports as she does not like being around crowds.

PageID 354. However, in the same report, Dr. Goldsmith states that Plaintiff's "concentration and attention appear to be intact. She should have no difficulty maintaining attention and concentration for simple and routine tasks." *Id*. Dr. Goldsmith also notes that Plaintiff reported to her family physician as recently as October 2005 that she did not suffer from depression, memory loss, anxiety, mental disturbance or suicidal ideation. *Id*. Dr. Goldsmith thus found Plaintiff's allegations only "partially credible," and opined that Plaintiff's symptoms were "somewhat inconsistent between her family physician and the [consulting examiner]." *Id*. In that regard, he noted "[i]ntially, a mental allegation was not alleged and only came up after further questioning." *Id*.

Although there is limited evidence of record to support a finding that a restriction in production quotas could have been added to Plaintiff's RFC, substantial evidence supports the ALJ's ultimate determination that Plaintiff's mental impairments -- while sufficient to overcome the "*de minimis* hurdle" at Step two -- were mild enough so as not to warrant specific limitations in her RFC. *Higgs*, 880 F.2d at 862; *Griffeth*, 217 F.App'x at 429. For instance, the ALJ appropriately notes that Plaintiff, in her initial application for benefits, did not list any mental impairments as a basis for her disability claim. PageID 122. In addition, the ALJ points to

Plaintiff's own testimony, in which she stated that her only impairments were physical, not mental.  PageID 60, 67-68.  Plaintiff also acknowledged, under oath, that she is irritable at times, but denied having mood swings or crying spells.  PageID 67-68.  When asked if she had any problems with depression, Plaintiff stated "I'm a little depressed, but who isn't?"  *Id*.  Plaintiff further stated that she is not currently treated for depression.  *Id*.  Furthermore, the ALJ appropriately considered Plaintiff's functions of daily living.  PageID 50.  Plaintiff admitted before the ALJ that she socializes with friends on a daily basis, visits with friends on weekends, takes care of her daughter, drives and assists her husband in getting him off to work.  PageID 26-27, 62-63.  Finally, the ALJ found the record to be sparse regarding Plaintiff's mental health.  PageID 48.  For example, the record contains no evidence that Plaintiff was hospitalized for mental disorders, and the ALJ noted "[t]here is no evidence of any mental health treatment."  *Id*.

Although the RFC selected by the ALJ might not be the same RFC that Plaintiff would have selected, the ALJ clearly explained his rationale based upon objective evidence in the record, and the RFC he determined is, without question, within the permissible "zone of choice" that the Sixth Circuit discussed in *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).  Because the ALJ did not err in assigning the RFC, it follows that the Court finds no error in the hypothetical posed by the ALJ to the V.E. based upon that RFC.  *Webb*, 368 F.3d at 633.  The Court therefore finds that the ALJ's formulation of Plaintiff's RFC is supported by substantial evidence, and further finds that the ALJ's hypothetical to the V.E. sufficiently encompassed Plaintiff's functional limitations.  Accordingly, Plaintiff's first and fourth assignments of error are unavailing.

### B. The ALJ Did Not Err in Finding That Plaintiff's Allegation That She is Totally Disabled to be "Less Than Credible."

In her second assignment of error, Plaintiff argues that the ALJ erred by failing to adequately address her allegations of disabling pain.  *See* doc. 10.  Specifically, Plaintiff challenges the ALJ's decision on the grounds that it "fails to provide the specificity necessary to explain why her statements" were found to be "less than credible."  *Id.*  Plaintiff, however, misstates and misconstrues the ALJ's finding on the issue of credibility.  Doc. 10, at PageID 432-33.

Contrary to Plaintiff's argument, the ALJ does not discount any of Plaintiff's statements based on a finding that she lacks credibility.  The ALJ states:  "Having carefully considered the entire record, it is found that the claimant's allegations of total disability are not supported by substantial objective medical evidence or clinical findings. As such, they are found to be less than credible."  PageID 50.  The ALJ thus found Plaintiff's allegation -- that she is disabled -- to be unsupported by objective medical evidence of record.  Accordingly, he discounted Plaintiff's assertion that she is totally disabled.   The ALJ did not, as Plaintiff contends, find any particular statement to lack credibility.  Nor did the ALJ use credibility as a factor in his analysis in determining that Plaintiff was "not disabled."  *Id*.

Rather, the ALJ gave Plaintiff "**the full benefit of the doubt with regard to her allegations and subjective complaints**[.]"  PageID 49 (emphasis added).  The record indicates that the ALJ considered and accommodated Plaintiff's subjective complaints of pain by accepting them as true. For example, the ALJ responded to Plaintiff's pain allegations by greatly limiting the use of her left arm in formulating the RFC.  The ALJ also imposed reasonable limitations based upon the record -- *e.g*. that Plaintiff could only perform light, unskilled work; that Plaintiff's left arm be used for gross assists only. *Id.*  Such limitations were reasonably

imposed in order to address the limited use of Plaintiff's extremity and her allegations of pain. Therefore, the Court finds substantial evidence in the record supports the ALJ's reasoned decision regarding his assessment of pain in formulating Plaintiff's RFC. *See Felisky*, 35 F.3d at 1035.

### C. The ALJ Did Not Abuse His Discretion in Determining That a Medical Expert was Unnecessary.

Plaintiff last argues that the ALJ failed to adequately develop the record by not having a medical expert testify at the hearing. The ALJ is not required, however, to solicit medical expert testimony. *See Simpson v. Comm'r of Social Sec.*, 344 F.App'x 181, 189 (6th Cir. 2009). Rather, it is within the ALJ's discretion to look at the complete record and determine whether a medical expert is necessary. *Id.*

Here, the ALJ had before him evidence of Plaintiff's medical history, testimony as to her daily activities, testimony from a V.E., and the reports from Plaintiff's treating physicians and state agency doctors and examiners. Therefore, given the breadth and depth of the evidence in the record, and this Court's deference to the ALJ in deciding whether the record is fully developed, the Court finds the ALJ did not err in failing to call a medical expert to testify at the administrative hearing. *Accord Simpson*, 344 F.App'x at 189. Having carefully reviewed the record, the Court finds the ALJ's decision -- to not call a medical expert -- to supported by substantial evidence and reasonably based upon the objective evidence of record.

## IV. RECOMMENDATION

For the foregoing reasons, the Court finds Plaintiff's assignments of error to be unavailing. The ALJ's decision is supported by substantial evidence and should be affirmed.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's final non-disability finding be found supported by substantial evidence, and **AFFIRMED**; and

2. This case be **CLOSED**.

August 3, 2012                                      **s/ Michael J. Newman**
                                                    United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report & Recommendation objected to and shall be accompanied by a memorandum in support of the objections. If the Report & Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).